[No. 6,759.—Department One.]

## ALEXANDER FORBES v. JAMES REILLY ET AL.

OUTSIDE LANDS—SAN FRANCISCO—RES JUDICATA.— A parcel of the lands granted to San Francisco by Act of Congress of March 8th, 1866, had been awarded to T., as successor of defendant R. The plaintiff, claiming to be himself the successor of R., sued T., R., and the city; and obtained a decree directing the city to convey to plaintiff instead of R., which was done. R. having ejected plaintiff, this action was brought for possession; and defendant claimed that said deed was void, because neither plaintiff nor his predecessors had complied with certain requirements of said act. *Held*, that the defense was inadmissible.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

After the decision, the appellants filed their petition that the appeal be reheard in Bank, and the application was denied.

Action to recover possession of real property. The defendants offered evidence tending to prove that neither the plaintiff nor his predecessors had ever paid the outside land tax, or the five years' taxes, as required by the ordinance and Act of the Legislature, made pursuant to the Act of Congress of March 8th, 1866. In the action of *Forbes* v. *Turner*, the present defendant, James Reilly, was a party defendant, and the plaintiff claimed therein to have acquired the interest of Reilly by sheriff's deed, and that he, and not Turner, was the successor and representative of Reilly.

*E. A. Lawrence*, for Appellants.

The city deed to plaintiff is void, because —

Plaintiff did not pay the outside land tax, and the five years' taxes, so as to entitle him to a deed. (Blackwell on Tax Titles, 381, 54, 55; Bolster's Tax Collector, 14, 1687.)

The deed made by the city in pursuance of the decree was not authorized by law, and is void.

Every transfer in contravention of the trust is void. (Civ. Code, § 870.) If the city conveys to a party not entitled, the deed is void. (*Douglass* v. *Scott*, 5 Ohio, 200; *San Diego* v. *S. D. & L. A. R. R. Co.* 44 Cal. 107; 2 Johns. 114.)

*B. S. Brooks*, for Respondent.

The city deed was conclusive of the title. (*Low* v. *Lewis*, 46 Cal. 549; *Jefferson* v. *Wendt*, 51 id. 573.)

McKINSTRY, J.:

The decree in the action, *Alexander Forbes* v. *George Turner*, *James Reilly*, *Thomas H. Selby, Mayor*, etc., and the *City and County of San Francisco*, must be read in connection with the pleadings. From the judgment roll, it appears that it was therein necessarily adjudicated that all the requirements of the Act of Congress of March 8th, 1866, of the ordinances of the city, and of the Acts of the Legislature relating to the subject had been fully complied with by or on behalf of James Reilly; that the land in controversy in the present ejectment had been awarded by the Board of Supervisors to Turner, as successor in interest or representative of Reilly, and that the publication required by the ordinance and Act of the Legislature had been fully made.

In *Forbes* v. *Turner et al.*, it was decreed that the mayor should convey the city title directly to Forbes. It is now urged by the present defendants and appellants (other than Reilly), that the deed of the city in pursuance of such decree was made in contravention of the trust with which the city held the title, and is therefore void. As we have seen in *Forbes* v. *Turner et al.*, it was adjudicated—as against the city, which was a party— that Reilly or his successor had been awarded the land by the proper municipal authority. It is not pretended that these defendants (other than Reilly) ever made any application for the land, or that they commenced any proceeding against Turner or Reilly during the period of the publication, or that they paid taxes or assessments, or complied with any other of the requirements of the ordinances or statutes. If, then, the city deed had issued to Turner, the present defendants would have had no defense to an action brought by him for the recovery of the premises. The rights of Forbes supervened upon those of Turner. The latter would have been entitled to the city conveyance at the expiration of the publication, except that the city conveyance was diverted to the former by the decree of a competent Court

—it appearing that he had acquired the very claim which had been recognized and established to the satisfaction of the Board of Supervisors, and on which the land had been awarded to Turner.

The plaintiff stands here precisely as if the Court had permitted the deed to issue to Turner, and had compelled him to convey the land to plaintiff. The decree directing the deed to be made directly to the present plaintiff did not interfere with the trust estate, except to direct a conveyance in accord with the terms on which the city held it.

Judgment and order affirmed.

Ross, J., and McKee, J., concurred.